**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DON-RUDY LOISEAU, o/b/o all others    :
similarly situated,    :
     Plaintiffs,    :      CIVIL ACTION NO.
   :      3:22cv1485 (JCH)
v.    :
   :
BOZZUTO'S, INC.,    :      FEBRUARY 28, 2023
     Defendant.    :

**ORDER**

After a Federal Rule of Civil Procedure ("F.R Civ. P.") Rule 16/26 conference

held with counsel via Zoom on February 13, 2023, the court has concerns relating to

discovery in this case on the basis of the class allegations.

As expressed during that conference, the court has questions about the ability of

the plaintiff to represent the class as defined in the Complaint:

> This is a class action pursuant to Federal Rule of Civil Procedure
> ("FRCP"), Rule 23, brought by Plaintiff for himself and on behalf of a
> putative class of similarly situated employees. The putative class (subject
> to future revision as may be necessary), is defined as follows:
>
> > All Black or African-American employees who the Defendant
> > employed in Connecticut during the period of November 21,
> > 2018, until the date of final judgment in this matter.

Mr. Loiseau's allegations are extremely serious and, if proven at trial, could very well be

sufficient for a reasonable jury to return a verdict on one or more of his claims.  The

court's concern arises out of two matters under F.R.Civ.P. 23:  Mr. Loiseau's ability to

be able to "fairly and adequately protect the interests of the class," and counsel's

"experience in handling class actions, . . . ," "counsel's knowledge of the applicable law,

and in the resources that counsel will commit to representing the class."  F.R.Civ.P.

Rule 23(g)(ii)(iii)(iv).

Mr. Loiseau was employed by Bozzuto's from May 2020 to July 9, 2021.  His place of work was a Buzzuto's facility in North Haven.  The court understands from defense counsel that Bozzuto's has operations in several facilities in Cheshire, Connecticut, as well as North Haven.[1]  Mr. Loiseau never worked in a Cheshire facility.

The court questions how Mr. Loiseau can be an adequate representative for facilities he was not employed at and any Bozzuto's facility for what is, at the time this action was commenced, a four-year class period.  He was employed for only fourteen months of that period.

If plaintiff's response is that his and the class's claims are disparate treatment, as plaintiff's counsel suggested in the conference discussing discovery, then the court is concerned that Mr. Loiseau may not be an adequate representative.  Mr. Loiseau's claims include hostile work environment and retaliation that are focused on his treatment by several superiors of his at Bozzuto's North Haven (Messrs. Cerrata, Santiago, Jones, and Ms. Rindos), and Mr. Loiseau's co-worker (Mr. Voloshin).  It may be that Mr. Loiseau's claims on hostile work environment and retaliation are stronger than the discrimination claims based on hiring and promoting.  Mr. Loiseau may seek a settlement, or try the case, emphasizing his individual hostile work environment and retaliation claims.  The concern that a class representative has interests different than the class he represents is significant under F.R.Civ.P. Rule 23 and class actions in general.  Given he has no personal knowledge about hostile work environment or

---

[1]  Bozzuto's has five facilities in Cheshire and North Haven.  Mr. Loiseau worked at one in North Haven.

retaliation in the Cheshire facilities, or when he was not employed by Bozzuto's, the court has concerns about his ability to adequately represent the class.

Further, the court has concerns about the adequacy of counsel to represent the class and conduct class discovery.  In another case filed by Attorney Egbarin, this court (Shea, CJ) did not find him adequate class counsel on the record submitted to the court on a Consent Motion seeking certification of the proposed F.R.Civ.P. Rule 23 and the Fair Labor Standards Act ("FLSA") collective class.   Aboah v. Fairfield Health Services, 2021 WL 6337748 (D. Conn. 2021).  First, Judge Shea noted the "exacting" standard for appointment of class counsel.  Id. at 10.  Judge Shea then noted that his search of the District of Connecticut docket revealed no class action in which counsel had been appointed class counsel.  Id.  In all but one of his cases, Attorney Egbarin filed the action with co-counsel whose firm handles substantial collective FLSA actions.  Id. Judge Shea also questioned counsel's knowledge of the applicable law under Rule 23. Id.  The undersigned has reviewed the court's docket since the Aboah ruling issued and found one other case brought as a class with claims under section 1983[2] in which Attorney Egbarin currently represents plaintiffs without co-counsel.

In light of the above, the court orders plaintiff to address two issues before discovery on class issues may proceed.[3]

First, the court requests plaintiff set forth the factual basis, and supporting law, for the assertion that Mr. Loiseau is an adequate representative of the class plead.

_____

[2] There are a number of pending settled FLSA class actions, and some closed, in which Attorney Egbarin represented the plaintiff class alone or with co-counsel.

[3] The parties may and should proceed with discovery on Mr. Loiseau's individual claims.

Further, the court orders plaintiff to address its concern that his individual hostile work environment and retaliation claims will not place his interests at odds with those of the class.

Second, counsel should provide an adequate basis for a preliminary finding that he is suitable class counsel, including cases he has prosecuted on behalf of a Rule 23/employee discrimination class, and how he intends to prosecute this case as a solo practitioner.  Finally, the court requests Attorney Egbarin to explain to the court his description of discovery during the conference (a pattern and practice of hiring/promotion discrimination), with Counts 2, 3, & 5 which allege hostile work environment and retaliation claims on behalf of the class.

Plaintiff should file his response to this Order by March 22, 2023 and defendant shall respond by April 5, 2023.  Plaintiff may reply to defendant's response by April 12, 2023.  Discovery on plaintiff's individual claims should proceed, but class discovery should not commence until the court enters a schedule or enters an order following the filings ordered herein.

**SO ORDERED.**

Dated at New Haven, Connecticut this 28th day of February 2023.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

4