**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DONRUDY LOISEAU, <u>et al</u>., | : | CIVIL CASE NO. |
| Plaintiffs, | : | 3:22-cv-01485 (JCH) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| BOZZUTO'S INC., <u>et al</u>., | : | MARCH 26, 2026 |
| Defendants. | : | |

**RULING ON MOTION TO APPROVE CLASS NOTICE FORM AND PLAN AND TO COMPEL PRODUCTION OF CERTAIN CLASS MEMBER NAMES AND CONTACT INFORMATION (DOC. NO. 238)**

## I.    INTRODUCTION

Plaintiffs Donrudy Loiseau ("Mr. Loiseau"), Quinton L. Hebron ("Mr. Hebron"), and Dwayne Small ("Mr. Small") (together, "the plaintiffs"), bring this individual and class action suit against their former employer, Bozzuto's Inc. ("Bozzuto's"), and former supervisors, James Jones ("Mr. Jones"), Chuck Cerreta ("Mr. Cerreta"), and Joel Santiago ("Mr. Santiago") (together, "the defendants").  <u>See</u> Second Amended Complaint ("Am. Compl.") (Doc. No. 49).  The plaintiffs bring claims under section 1981 of Title 42 of the U.S. Code ("section 1981"), as well as Title VII of the Civil Rights Act, section 2000 of Title 42, <u>et seq</u>. ("Title VII"), alleging that the defendants discriminated against black employees with respect to promotions, warehouse position assignments, pay, workplace discipline, and terminations.  <u>See id</u>.  The plaintiffs also allege that the defendants created a hostile work environment for black employees.  <u>See id</u>.  Mr. Loiseau also brings claims against Bozzuto's, Mr. Jones, and Mr. Cerreta alleging retaliation against black employees.  <u>See id</u>.

On February 21, 2025, the court issued a Ruling certifying a class of "all black, hourly warehouse associates employed in Bozzuto's warehouses, who have held the

titles or positions of selector, forklift operator, checker, loader, clerk, slotter, support associate, cleaner, pallet auditor, wrapper, runner, between November 21, 2018 and the date of class certification [February 21, 2025]." See Ruling on Motion to Certify Class ("Class Cert. Ruling") (Doc. No. 162).

Now before the court is plaintiffs' Motion to (1) approve plaintiffs' proposed notice form and (2) approve plaintiffs' proposed plan for dissemination of that notice. See Motion to Approve Class Notice Form and Plan to Compel Production of Certain Class Member Names and Contact Information ("Motion") (Doc. No. 238); Memorandum in Support ("Memorandum") (Doc. No. 238-1). Plaintiffs also seek an Order to compel defendants to produce contact information for employees, both current and former, who did not disclose their race and would otherwise fall within the class definition. See id.

Defendants object to the Motion as to all three requests sought therein. See Defendants' Response in Opposition to Plaintiffs' Motion to Approve Class Notice Form and Plan and to Compel Production of Certain Class Member Names and Contact Information ("Opposition") (Doc. No. 241). See also Plaintiffs' Reply Memorandum in Support of their Motion to Approve Class Notice Form and Plan and to Compel Production of Certain Class Member Names and Contact Information ("Reply") (Doc. No. 247).

For the reasons stated below, the court grants the Motion in part, subject to the revisions described herein.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2) requires that members of a class certified pursuant to Rule 23(b)(3) be provided "the best notice practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(b). "Individual notice must be sent to all class

members whose names and addresses may be ascertained through reasonable effort." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173 (1974).  The class notice must state in plain, easily understood language: (1) the nature of the action; (2) the definition of the certified class; (3) the class claims, issues, and defenses; (4) that a class member may enter an appearance through an attorney if desired; (5) that the court will exclude from the class any member requesting an exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3).  See Fed. R. Civ. P. 23(c)(2)(b).

## III.    DISCUSSION

Defendants resist both (1) plaintiffs' proposed notice form and plan, as well as (2) plaintiffs' prayer for the production of contact information for hourly warehouse employees that did not self-identify race.  Defendants contend that plaintiffs' draft notice form and plan, as written, misinforms class members as to the stages of trial and prejudice class members' right to opt out.  Opposition at 11-12.  Defendants also challenge plaintiffs' request for contact information of hourly warehouse employees that did not self-identify race as overinclusive, untimely, and confusing.  Id. at 6.  The court addresses both challenges in turn, beginning with the class notice form and plan.

    (1)    Plaintiffs' Proposed Class Notice Form and Plan

    i.  *Plaintiffs' Proposed Class Notice Form*

The court is satisfied that the plaintiffs' proposed Class Notice Form ("Plaintiffs' Notice Form") (Doc. No. 238-3) fulfills the requirements of Rule 23 and will duly inform class members of their rights and obligations in the action.

Defendants propose 11 edits to Plaintiffs' Notice Form which form the basis of the parties' disagreement.  See Plaintiffs' Exhibit 9 ("Red Line") (Doc. No. 238-11).  For

ease of discussion and clarity, the court will address each of defendants' proposed edits separately, using the Red Line as the court's point of reference and enumerating the edits in the order they appear in the Red Line, numbered 1 through 11.

**Defendants' Proposed Edit 1**: Defendants propose revising the first bullet of the first page of the Notice Form to read: "<u>Three</u> former Black hourly warehouse associates have sued Bozzuto's, Inc. (Bozzuto's), alleging employment discrimination based on race," instead of "<u>Former</u> Black hourly warehouse associates have sued Bozzuto's Inc. (Bozzuto's), alleging employment discrimination based on race." <u>See</u> Red Line at 2 (emphasis added).

This proposed revision is unnecessary and departs from the standard language used in the Federal Judicial Center's model Notice Form for employment discrimination actions. <u>See</u> FJC Sample Discrimination Class Action Notice Form (last visited March 19, 2026), https://www.fjc.gov/content/employment-discrimination-class-action-certification-full-notice, (listing as its first bullet, "Female employees have sued MNO, Inc., alleging discrimination against women.") Defendants summarily contend that this revised language is meant to "adequately apprise class members about the nature of the action." Opposition at 12. Courts in this Circuit have approved Notices that draw upon an FJC model notice and similarly rejected proposed amendments that lack supporting authority and seek the addition of information absent from FJC model notices. <u>See</u>, <u>e.g.</u>, <u>Chime v. Peak Sec. Plus, Inc.</u>, 137 F. Supp. 3d 183, 212 (E.D.N.Y. 2015). It is unclear why this proposed revision would more adequately apprise class

members of the nature of the action beyond the language originally used by plaintiffs.[1] The court rejects Defendants' Proposed Edit 1.

**Defendants' Proposed Edit 2**:  Defendants next propose changing the language of the third bullet of the first page of the Notice Form, language which apprises class members as to the relief available under the two phase framework.  See Red Line at 2.  As plaintiffs point out in their Motion, the original language in the third bullet is both modeled on the FJC template, e.g., "There is no money available now, and no guarantee there will be," and is nearly identical to the Notice Form language approved in Palmer v. Cognizant Tech. Sols. Corp., 2023 WL 4157454 (C.D. Cal. Feb. 1, 2023).  In Palmer, the court held that the language: "If the former employees win the first phase of the trial, the Court will hold further individual hearings to determine whether members of the class are entitled to awards," accurately conveyed to class members the potential scope of participation.  2023 WL 4157454 at *4.  This court agrees.

The language proposed by defendants in the third bullet is either superfluous or overly dissuasive.  Courts routinely reject amendments to proposed Notice forms that are "meant to discourage participation in the lawsuit."  Mendez v. United States Nonwovens Corp., 2017 WL 11726150, at *7 (E.D.N.Y. Aug. 2, 2017) (rejecting proposed edits to a Notice Form modeled after the FJC template in the FLSA class action context).  For instance, defendants' proposed edit to include the sentence: "If you are a member of the class, you will have to participate and prevail in this second stage of proceedings to obtain money," see Red Line at 2, insinuates that participation carries

---

[1] To the extent it might be arguably relevant to a recipient of the Class Notice, the Class Representatives are identified in Question 3, see Plaintiffs' Exhibit 1 at 4, listing them by name.

with it an onerous obligation and fails to apprise members that they may decline to participate in the second phase upon learning of the outcome of the first phase of the trial. <u>See</u> Motion at 11. The court rejects Defendants' Proposed Edit 2.

**Defendants' Proposed Edit 3**: Defendants next propose revising the "Do Nothing" section of the Your Legal Rights and Options table on the first page of the Notice. Red Line at 2. Plaintiffs' proposed language is nearly identical to the FJC template and, as with the third bullet discussed <u>supra</u>, is identical to the language approved by the <u>Palmer</u> court. <u>See</u> Palmer, 2023 WL 4157454 at *4-*5 (C.D. Cal. Feb. 1, 2023).[2] Defendants offer no basis to depart from the FJC template and their proposed revisions again risk either confusing class members, <u>e.g.</u>, by drawing a distinction between former and current employees, or dissuading participation by implying that an individual hearing is required as to each class member. The court rejects Defendants' Proposed Edit 3.

**Defendants' Proposed Edit 4**: Defendants next propose revising the second bullet of the second page of the Notice from: "No relief will be provided unless the employees and former employees ('the Plaintiffs') prove the claims against Bozzuto's at trial, or the parties reach a settlement" to "No relief will be provided unless <u>the former employees</u> ('the Plaintiffs') prove the claims against Bozzuto's <u>during the first stage of trial and you prevail on your individual claim at the second stage of the trial</u>, or the parties reach a settlement." <u>See</u> Red Line at 3 (emphasis added).

---

[2] <u>See</u> also <u>Palmer</u>, 2:17-cv-06848, Doc. No. 411-2 at 2 ("By doing nothing, you keep the possibility of getting money and benefits that may come from the trial proceedings (which may include an individual hearing regarding your own claims) or settlement. But you give up any rights to sue Cognizant separately about the same legal claims at issue in this lawsuit.")

Defendants' Proposed Edit 4 is inappropriate for two primary reasons: first, emphasizing former employees implies that class composition is limited to former employees, which is inaccurate and misleading.  See Mendez, 2017 WL 11726150 at *7 (holding that courts should reject proposed amendments that are misleading).  Second, as with other proposed edits discussed supra, the proposed edit is unduly dissuasive and suggests continued participation in the class is onerous by implying an individual hearing will be required in the second phase of the suit.  For these reasons, the court rejects Defendants' Proposed Edit 4.

**Defendants' Proposed Edit 5**:  Defendants next propose revising the answer to Question 1 under the "Basic Information" header appearing on the fourth page of the Notice.  See Red Line at 5.  Defendants propose (1) changing "identified as Black or African American" to "identified yourself as Black or African American," and (2) deleting "or did not disclose your race."  Id. (emphasis added).  With respect to the first proposed revision, the court sees no substantive distinction between "identified" and "identified yourself" for purposes of communicating the possibility of class participation for Black or African American employees.  The court rejects the addition of "yourself" to this portion of the Notice as superfluous.

With respect to the second edit, "or did not disclose your race," the parties dispute whether or not class notice may properly issue to both those employees in the relevant positions who identified as Black and those who did not disclose their race. The court rejects defendants' proposed limitation and will allow notice to those employees who did not identify their race in Bozzuto's personnel data.  Rule 23 requires individual notice when practicable with reasonable effort and modest overbreadth does

not overcome this requirement.  See Macarz v. Transworld Sys., Inc., 201 F.R.D. 54, 61–62 (D. Conn. 2001) (holding that a defendant's inability to weed out a small number of non-class members from notice should not be a limitation to proper notice); Cin-Q Automobiles, Inc. v. Buccaneers Ltd. P'ship, 2022 WL 4017054, at *3 (M.D. Fla. Sept. 2, 2022) (ordering notice to list of individuals even though list "may be somewhat overinclusive" because "to not send notice to those multiple individuals would deprive direct notice to Class Members").  Indeed, individual notice to an overinclusive list may be permitted if the list also contains known class members.  Jermyn v. Best Buy Stores, L.P., 2010 WL 5187746, at *7 (S.D.N.Y. Dec. 6, 2010).  Notice here may be necessary to those employees who (1) did not disclose their race but (2) otherwise fit within the class definition certified by this court.  The court leaves undisturbed plaintiffs' proposed language and rejects Defendants' Proposed Edit 5.

**Defendants' Proposed Edit 6**:  Defendants next seek to make a number of revisions to the answer to Question 8: "What are the Plaintiffs asking for?" appearing on the sixth page of the Notice Form.  See Red Line at 7.  First, defendants seek to revise "will" to "may" in the first sentence of the answer: "Plaintiffs seek damages for themselves and the Class and a determination of whether the class will be entitled to punitive damages."  Id.  Changing will to may is superfluous and an inaccurate statement of the law.  If plaintiffs prevail at Phase One of the lawsuit, a determination as to punitive damages will follow.  The court rejects this proposed revision.

Second, defendants propose the addition: "During the first stage of the trial, Plaintiffs will seek a determination as to whether Bozzuto's engaged in a pattern or

practice of discrimination.  If Plaintiffs prevail at the first stage, then individual class members may seek an award of monetary relief during the second stage of the case."

The court rejects this proposed amendment as confusing, as it introduces the concept of "pattern or practice" discrimination for the first time in the Notice, but does not otherwise explain what pattern or practice discrimination entails nor describes the allocation of burden upon a finding of pattern or practice discrimination at Phase One of the suit.  For that reason, the court rejects this proposed amendment.

**Defendants' Proposed Edit 7**:  Defendants seek to modify the answer to Question 9 of the Notice, changing the phrase "remedial stage of the case," to "second stage of the case," and defendants seek to add the sentence: "If you are successful at the second stage of the case, you may be entitled to money."  Id. at 7.  The court rejects both of defendants' proposed edits as unnecessary and unduly coercive.

Referring to the remedial stage as a "second" stage may result in class members believing their participation will be protracted across two different stages even though the extent of class member participation in the remedial stage of the case cannot be predicted ex ante before the first phase is complete (and class members may nonetheless choose not to participate during the second phase).  That money may be available during the remedial stage is already canvassed in the answer to Question 8 immediately preceding Question 9.

**Defendants' Proposed Edit 8**:  Defendants next seek to revise the answer to Question 12, appearing on Page 6 of the Notice.  Id. at 8.  Question 12 reads: "What happens if I do nothing at all?"  Id.  Plaintiffs' draft language closely mirrors the FJC model Notice and properly apprises class members of the extent of their participation

9

should they remain in the class.  Defendants' edits are either superfluous, e.g., telling members they will be bound by the decision of the court if they remain in the class, a fact that is already canvassed in the sentence immediately prior ("You will also be legally bound by all of the orders the Court issues and judgments the Court makes in this class action") or making participation appear more onerous when the extent of phase two participation is not yet determinable.  Id.  The court leaves undisturbed plaintiffs' draft language.

**Defendants' Proposed Edit 9**:  Defendants next seek to change the answer to Question 13, appearing on Page 6 of the Notice.  Id.  Defendants first change the fourth bullet of the answer from "you believe that you were not discriminated against" to "you do not believe that you were discriminated against."  Id.  The court rejects this edit because it dissuades class members who may not know whether they were discriminated against.  There exists a universe of potential class members who may not know whether they were discriminated against because they have not encountered the direct evidence underlying pattern or practice discrimination that will be evaluated in the first phase of the suit.  For that reason, the court rejects defendants' proposed edit to the fourth bullet.

Next, defendants seek to change the last sentence of the first full paragraph from ". . . if Bozzuto's is found during the first phase to have unlawfully discriminated" to ". . . if Bozzuto's is found during the first stage to have engaged in a pattern or practice of discrimination."  Id.  This change is unnecessarily technical and confusing, see, supra at 8-9 (discussion of Defendants' Proposed Edit 6), and does not supplement or further

10

clarify why a class member may wish to be excluded.  The other language in plaintiffs'

draft Notice mirrors that of the FJC model and thus the court leaves it undisturbed.

**Defendants' Proposed Edit 10**:  Defendants propose editing the answer to

Question 14, appearing on Page 7 of the Notice, to include reference to an electronic

opt-out button.  Id. at 9.  The court finds that an opt-out button is unnecessary to fulfill

the requirements of Rule 23.  The court is satisfied that completion of an Exclusion

Request form, that may be transmitted via electronic or physical mail, is a sufficient

method to facilitate member opt-out.

Defendants' argument that "there is a heightened need for an efficient and quick

mechanism for class members to exercise their right to opt out," see Opposition at 16, is

unavailing.  There is nothing inherently inefficient or slow about an opt-out method via

email, which can be transmitted nearly instantly.  Indeed, it is not evident to the court

why emailing the Exclusion Request form would take more time than navigating to a

website to use the defendants' proposed opt-out button.  Both are electronic and can be

done in a few short steps from any internet-capable device.  For that reason, the court

leaves undisturbed plaintiffs' proposed opt-out method (transmitting the Exclusion

Request form via email or physical mail).

**Defendants' Proposed Edit 11**:  Finally, defendants propose editing the answer

to Question 19, appearing on Page 9 of the Notice Form, to include the following two

sentences: "For the second stage of the trial, if you seek money, you will be required to

participate.  Bozzuto's will present its defenses to your claim, and you will have the

opportunity to present evidence in support of your claim."  See Red Line at 10.  As

discussed in connection with other edits, see generally supra, the extent of participation

necessary for the second stage of the trial cannot be determined ex ante.  How class members obtain relief, including whether class members will proffer evidence as to individual claims, is uncertain.  To suggest otherwise, as defendants' proposed language seems to do, risks coercing members into opting out of the class should they believe that continued participation will be onerous, protracted, or otherwise cumbersome and confusing.  A class member can always decline to participate in the second phase.  For that reason, the court rejects defendants' Proposed Edit 11.

ii. *Plaintiffs' Proposed Class Notice Plan*

The parties have two primary disputes regarding plaintiffs' proposed Notice Plan: (1) whether to limit notice only to those hourly warehouse associates who are identified in Bozzuto's records as African American or Black, and (2) whether to include an electronic opt-out button.  See Plaintiffs' Exhibit 2, Plaintiffs' Proposed Notice Plan; Exhibit 11, Red Line (reflecting defendants' edits to plaintiffs' proposed Notice Plan); Memorandum at 19.

Disseminating Notice to those individuals whose race is not identified in Bozzuto's personnel records is necessary in ensuring that all class members receive notice.  Notice need not closely hew to the exact parameters of the class and there exists myriad reasons why Black warehouse employees may not have their race identified in Bozzuto's records, including, inter alia, failures in Bozzuto's administrative record keeping or employees declining to record their race for fear of discrimination.[3] The court finds that the risk of an underinclusive Notice not catching within its sweep

---

[3] If this information is collected at the time a person fills out a job application, it seems not unlikely that an applicant may elect to not answer a question regarding his or her race.  The conduct at issue in this lawsuit occurs after the initial employment hiring decision.

Black employees whose race is not identified greater imperils the due process Rule 23 mandates than the risk of an overinclusive Notice.  See In re Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088, 1099 (5th Cir. 1977) (notice to an underinclusive list was a "more fundamental defect" than overinclusive notice).  For that reason, the court will permit Notice to hourly warehouse employees whose race is not identified in Bozzuto's records.

With respect to the electronic opt-out button, the court reiterates its analysis see, supra, Part III.1.i (Defendants' Proposed Edit 10).  An electronic button is not necessary in ensuring an efficient method for class member opt-out.  The court is satisfied with the proposed method outlined in the Notice Form and will not require an opt-out button as part of the Notice Plan.

(2)    Production of Contact Information for Certain Class Members

Defendants challenge plaintiffs' request for contact information of hourly warehouse employees that did not self-identify race as untimely, overinclusive, and confusing.  Opposition at 6.  The court is unpersuaded as to all three challenges.

With respect to timeliness, defendants contend that plaintiffs were dilatory in requesting the contact information of the class list a year after certification.  Id. at 7.  In defendants' view, such a request should have been made during the discovery period. Id.  The court is not convinced.  Defendants complied with plaintiffs' request for the class list when it was requested on January 12, 2026—however, defendants refused to include members who did not self-identify as to race.  See Defendants' Exhibits 1, 2. Defendants do not explain why the timeliness of plaintiffs' request disqualifies them from contact information for some potential class members but not others.  In other words,

13

defendants cannot use the timeliness of the request as a shield against providing contact information for some members when it is clear that the alleged untimeliness was not an insurmountable burden in providing the contact information for the 1,699 putative class members defendants transmitted on February 6, 2026.  See id.

Defendants also argue that including class members who did not self-identify as to race would be overinclusive in contravention of both Rule 23 and Title VII.  See Opposition at 8-11.  With respect to the Rule 23 argument, the court reiterates its discussion in, supra, Part III.1.ii (Plaintiffs' Proposed Class Notice Plan).  Some overinclusiveness is necessary to ensure that the best Notice practicable is achieved, and there exists real concern that Notice may not reach potentially hundreds of class members given that over a third of hourly warehouse employees are Black.  See Opposition at 8 (Dr. Lang's finding that Black employees hold 34.1% of hourly warehouse positions).

With respect to defendants' Title VII contention, defendants argue that race discrimination claims arising under Title VII or Section 1981 require that a plaintiff self-identify as to race.  Id. at 10.  If a plaintiff does not identify as to race, defendant argues that that plaintiff cannot make a race discrimination claim as to either disparate impact or disparate treatment.  Id.  However, this argument conflates two separate concepts: identifying as to race in one's employee personnel records and identifying as to race generally.  The proposed Notice form makes clear that only those individuals who identify as Black are included in the class (regardless of whether or not they are identified as such in their personnel records).  If an individual receives Notice who does not identify as Black, they will not be part of the class.

14

Finally, defendants contend that plaintiffs' proposed methodology will spur confusion among non-class members.  Id. at 11.  Defendants argue that non-class members will be confused as to why they are included "in the class definition because someone else deems them Black."  Id.  The Notice does not presuppose that the recipient is Black.  Indeed, the Notice explains at the outset that, while Notice was transmitted to employees in the relevant warehouse positions who either identified as Black in Bozzuto's records or did not have a race listed, if the recipient is not Black then the Notice does not apply to them.  See Plaintiffs' Exhibit 1 at 4 (Page 3 of the Proposed Notice Form).  For the reasons stated above, the court adopts plaintiffs' proposed notice plan.

## IV.    CONCLUSION

For the reasons stated above, the court grants the Motion to Approve Class Notice Form and Plan and to Compel Production of Certain Class Member Names and Contact Information. (Doc. No. 238).

**SO ORDERED.**

Dated at New Haven, Connecticut this 26th day of March 2026.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

15